## Maria Donovan, Appellee, v. John Lambert, Appellant.

### Gen. No. 4,902.

CONTRIBUTORY NEGLIGENCE—*when established. Held,* that the
plaintiff in this case, who was injured by being struck by an auto-
mobile while riding in a buggy, was guilty of contributory negli-
gence in driving upon the wrong side of the road in violation of the
statute, knowng at the time that she was about to meet the automo-
bile in question which was coming in the opposite direction.

Trespass on the case.  Appeal from the Circuit Court of Will
County; the Hon. ALBERT O. MARSHALL, Judge, presiding.  Heard in
this court at the October term, 1907.  Reversed.  Opinion filed
March 11, 1908.

EDDY, HALEY & WETTEN, for appellant; CHARLES H.
PEGLER, of counsel.

J. W. D'ARCY, for appellee.

Donovan v. Lambert.

Mr. Justice Thompson delivered the opinion of the court.

This is an action of trespass on the case brought in the Circuit Court of Will county by Maria Donovan, appellee, against John Lambert, appellant, to recover damages claimed to have been sustained by reason of appellee being thrown from a buggy which was overturned as a consequence of her horse being frightened at appellant's automobile. Upon a trial a verdict of $500 was recovered and judgment was rendered thereon; Lambert prosecutes this appeal.

The declaration contains three counts. The first count alleges that the automobile was driven at a reckless and dangerous rate of speed, to wit, thirty miles an hour, whereby plaintiff's horse became frightened and unmanageable and overturned the buggy into a ditch, in consequence of which plaintiff was seriously injured; the second count sets up the statute regulating the speed of automobiles in the highway, and that defendant's automobile was driven at an unlawful rate of speed; the third count alleges the duty of defendant's servant in charge of his automobile to exercise reasonable care in running the same and to be watchful and to have his automobile under control, so as not to frighten horses, and that plaintiff's horse became frightened at a distance of four hundred feet from the defendant's automobile in a highway with a graded width of twenty feet, with a ditch four feet deep on either side, but that the defendant ran his automobile at thirty miles an hour and did not use reasonable care, and negligently failed to reduce its speed and stop the same at a safe distance before reaching plaintiff, etc. Each count alleged that plaintiff was in the exercise of due care for her own safety.

The evidence shows that appellee lived in Troy, about seven miles west of Joliet; that on November 21, 1905, she with her daughter visited Joliet, riding in a covered buggy drawn by one horse; that she returned home in the afternoon upon what is known as the Troy road, which runs directly west from Joliet; that this road is turnpiked, the surface of the pike being about twenty feet wide with three

or four feet on either side of the pike sloping to ditches, which are three or four feet deep. Appellee was driving west on this pike behind another covered buggy driven by Abel Heep. Another rig driven by John Oetter was going in the same direction some little distance in advance of Heep. Appellee claims that as she was passing the gate of a farmer named Syle she saw appellant's automobile approaching across a railway about a half mile distant and she then undertook to pass Heep in order to drive into the gateway of a farmer named Stephen, which was on the south side of the highway three hundred and eighty-nine feet distant, as she says in order not to meet the automobile on the highway. In passing Heep she drove on the south side of the road until within a few feet of Stephen's gateway, when the automobile being within about ten feet of her the horse suddenly shied and jumped into the ditch, overturning the buggy, which fell on appellee. Just before the horse shied Miss Donovan attempted to grab the lines and some of the witnesses say she drew the horse diagonally across the road into the ditch. The automobile stopped immediately after passing appellee. Appellee testified that the horse was twelve years old and manageable, though it sometimes shied; that she drove it around engines and cars and frequently met automobiles and never had any trouble in passing them, and had never driven it into driveways to avoid them; that the horse would keep on the road, but would shy a little bit; that it showed no signs of fright on this occasion, but pricked up its ears and was going fast to get to the Syle gateway. Appellee's proof showed that a year before that time this horse had shied at a steam roller, and tipped her into the ditch at this same place, destroying her buggy and running away, for which damages had been collected; that on that occasion the horse showed no signs of fear until it got within ten feet of the roller, and then suddenly jumped into the ditch; and that four years before this horse had injured a son of appellee, from which injuries he died. On the present occasion it is not claimed that either appellee or her daughter gave any signal or sign to the people in the

Donovan v. Lambert.

automobile to stop, or that they had any fear of danger. Gillet, the man in charge of the automobile, testified that he was going between eight and twelve miles an hour. Stillman, a druggist in Joliet, who was with Gillet in the machine, testified they were going between six and twelve miles an hour. Stephen, by whose gate the accident happened, was eighteen rods back in the field and watched the automobile, and testified that it was going thirty miles an hour, that he watched it and it went twenty rods in half a minute. Twenty rods in half a minute is at the rate of seven and one-half miles an hour. Heep testified that the machine was going thirty miles an hour, but he was on the road going towards it; he also said that he drove behind Mrs. Donovan and not ahead of her, and in that contradicts all the other witnesses. On the question at what speed the automobile was going the evidence is conflicting, and while the preponderance shows it was not going at an unlawful rate, we would not feel justified in interfering with the verdict of the jury, if the verdict was dependent on that question. The evidence of Mrs. Donovan shows that she was not in the exercise of due care for her own safety. She was driving on the wrong side of the road, in violation of section 77 of the Road and Bridge Act, although she knew she was meeting the automobile coming in the other direction and at the place where Heep was driving on the right side of the road to pass the automobile. Upon appellee's own statement, if she had kept on her own side of the road or kept behind Heep's rig, she would not have been injured, as the horse was not afraid of such machines. The horse was at a place where it had had a runaway before and it was her duty to observe such care as a prudent person would exercise under like circumstances. This appellee's evidence shows she did not do. As appellee failed to prove the allegation of her declaration that she was in the exercise of ordinary care for her own safety, and her own evidence shows that she was guilty of negligence that caused her own injury, the judgment must be reversed.

It is therefore unnecessary to discuss the amount of the

verdict and judgment, except to say that the proof is that appellee was but slightly injured, and that we regard the verdict as excessive. The judgment is reversed.

'Reversed.